# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA ALLEN SILVERMAN, ) ) Plaintiff, ) ) v. ) ) PRISONER TRANSPORTATION ) SERVICES OF AMERICA, LLC (PTS);) AGENT BRIAN VICTORY of PTS; ) AGENT LT. "BLYTHE" of PTS; et al., ) ) Defendants. ) | Case No. CIV-15-1093-F |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8. The undersigned recommended the court dismiss Plaintiff's complaint on screening because Plaintiff filed it beyond the applicable statute of limitations. Doc. 15. On objection, Plaintiff presented evidence he had given his complaint to prison officials for filing the day before his limitations expired. Doc. 16. In light of that evidence, the court declined to adopt the recommendation and referred the matter back to the undersigned. Doc. 17.

Now before the court is Defendants' motion to dismiss, Doc. 32, to which Plaintiff has responded, Doc. 38. Defendants have filed a reply. Doc.

39. The undersigned recommends the court deny Defendants' motion in part, and grant it in part.

## I. Plaintiff's allegations.

According to Plaintiff, Wisconsin state officials made arrangements with Defendant Prisoner Transportation Services of America, LLC (PTS) to transport Plaintiff from Arizona to Wisconsin. Doc. 1, at 3.[1] Defendants Victory and Blythe, both PTS employees, began transporting Plaintiff on September 22, 2013. On September 24, 2013, the officers stopped in Weatherford, Oklahoma, to obtain medical treatment for another detainee. *Id.* At some point in the afternoon, both Defendants Victory and Blythe left the detainees unattended and two detainees "unlocked their restraints and then rammed the cage door, breaking the slide lock." *Id.* at 5-6. The detainees, with access to a shotgun, "took off . . . in [it]" with Plaintiff and other detainees still locked in the back. *Id.* at 6-7. Eventually, the escaping detainees left Plaintiff and the remaining detainees in a field and Plaintiff had to call "911" and flag down a police officer. *Id.* at 7-9.

Plaintiff alleges Defendants' "failure to protect," "deliberate indifference," and "cruel and unusual punishment," has caused him

---

[1] The undersigned's page citations refer to this Court's CM/ECF pagination.

2

traumatic stress, resulting in nightmares, depression, insomnia, etc. *Id.* at 11-14.

## II. Standard for dismissal.

Although they do not cite it, Defendants appear to seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a valid claim for relief. *See generally* Doc. 32, at 1-8. Under such review, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

## III. Analysis.

Defendants filed a "Continued Special Entry of Appearance" and motion to dismiss, seeking dismissal on grounds: (1) the statute of limitations bars Plaintiff's claims; (2) Plaintiff failed to allege a sufficiently serious "physical injury" as the Prison Litigation Reform Act (PLRA) requires; and (3) Plaintiff failed to properly serve Defendants Blythe and Victory. Doc. 32, at 1-8.

As a preliminary matter, the undersigned notes Congress eliminated any reference to special appearances in the Federal Rules of Civil Procedure almost eighty years ago. *See Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *1 n.1 (W.D. Okla. May 21, 2015) (unpublished order) (noting the federal rules "eliminated the distinction between general and special appearances in 1938"). So, Defendants' "Special Appearance" label has "no legal significance." *Id.*

A. **Defendants' challenge to the statute of limitations.**

Relying on the undersigned's previous Report and Recommendation, Defendants argue Plaintiff's statute of limitations expired on September 24, 2015. Doc. 32, at 1-2. They argue Plaintiff's objection to the recommendation "failed to evidence sufficient exceptional circumstances to justify tolling the applicable statute of limitations." *Id.* at 2. As Plaintiff notes in his response, *see* Doc. 38, at 2-4, Defendants' argument ignores this Court's order declining to adopt the recommendation.

As noted in the undersigned's previous recommendation, a two-year statute of limitations period governs Plaintiff's § 1983 claims, and his claims accrued on September 24, 2013. Doc. 15, at 3-4. Thus, his statute of limitations would have expired on September 24, 2015. *See id.* at 4. The undersigned found no grounds for tolling, and because Plaintiff had not provided the date he gave his complaint to prison officials for filing, the

undersigned could not apply the prison-mailbox rule to Plaintiff's complaint. *See id.* at 4-6. So, the undersigned used the date-stamp on Plaintiff's mailing envelope, September 28, 2015, and found his statute of limitations had expired. *See id.* at 6.

In his objection, Plaintiff presented evidence unavailable to the undersigned, to wit, that he had given his complaint to prison officials on September 23, 2015, but a business office error prevented its prompt mailing. Doc. 16, Exs. 1-10; Doc. 17, at 2. With that evidence, the court was able to apply the prison mailbox rule, which dictates a prisoner's complaint is deemed "filed" the day he gives it to authorities for mailing. Doc. 17, at 2; *see Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "the prison mailbox rule articulated in [*Houston v. Lack*, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). So, Plaintiff's complaint is considered filed on September 23, 2015, one day before his statute of limitations expired. Doc. 17, at 2. The undersigned finds Defendants' argument to the contrary meritless.

### B. Defendants' argument involving Plaintiff's lack of physical injuries under the PLRA.

Defendants next ask the court to dismiss Plaintiff's entire complaint on grounds he failed to allege anything more than de minimis physical injury under the PLRA. Doc. 32, at 2-6. In his response, Plaintiff argues he did

5

allege more than de minimis injury, and alternatively contends the PLRA only requires physical injury for an award of compensatory damages, not for punitive or nominal damages – both of which he requested in his complaint. Doc. 38, at 4-15. In their reply, Defendants argue for the first time Plaintiff cannot state a claim for nominal or punitive damages because he cannot state a valid claim for relief on his constitutional claims. Doc. 39, at 5-9.

The undersigned notes Plaintiff did in fact request both nominal and punitive damages in his complaint, Doc. 1, at 20, and, in their motion to dismiss, Defendants could have addressed the viability of such damage requests under the PLRA or the viability of Plaintiff's constitutional claims. They chose not to do so. Therefore, the undersigned declines to consider Defendants' newly raised arguments. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (noting "'the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief'" and holding the "issues raised below are not mentioned in the opening brief, much less argued, and are therefore abandoned" (citations and internal brackets omitted)); *see also Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994) ("The reasons for the general rule forbidding new arguments in reply are considered two-fold. First, to allow [a defendant] to raise new arguments at this juncture would be 'manifestly unfair to the [plaintiff] who, under our rules, has no opportunity for a written response.'" "Secondly, it

6

would also be unfair to the court itself, which, without the benefit of a response from [the plaintiff] to [a defendant's] late-blooming argument, would run the risk 'of an improvident or ill-advised opinion' . . . ." (citations omitted)); *see also* LCvR 7.1(i) (noting reply briefs are "optional and not encouraged" and "[s]upplemental briefs may be filed only upon motion and leave of court").[2]

### 1. The PLRA requirements.

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e).

### 2. Defendants' request for dismissal under the PLRA.

Defendants interpret the PLRA as requiring the court to dismiss Plaintiff's entire complaint if he fails to establish he suffered a physical injury. Doc. 32, at 6 (arguing Plaintiff failed to establish a physical injury and stating: "Based on the allegations contained therein, Plaintiff's Complaint should be dismissed for failing to satisfy the requirements of the

---

[2] Under some circumstances, the court may consider newly-raised reply arguments if they are made in response to an argument the plaintiff raises in his response. *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015). But Plaintiff did not raise a new argument in his response, he simply pointed out the flaw in Defendants' legal argument and noted he had asked for nominal and punitive damages in his complaint. Doc. 38, at 4-15.

PLRA."). But as Plaintiff argues, "although § 1997e(e) bars compensatory damages in the absence of physical injury, it does not bar nominal or punitive damages in such cases." *Lewis v. Clark*, 577 F. App'x 786, 802 (10th Cir. 2014). Plaintiff clearly requested nominal and punitive damages, Doc. 1, at 20, so, although Plaintiff has alleged only de minimis physical injury, *see infra* § III(B)(3), the undersigned finds no basis for dismissing Plaintiff's entire complaint under the PLRA. *See Lewis*, 577 F. App'x at 802 (holding district court erred in dismissing prisoner's case because he could not recover compensatory damages under the PLRA, without considering his claims for punitive and nominal damages).

### 3. Plaintiff's failure to allege sufficient physical injury.

Assuming Plaintiff's allegations are true, he suffered an asthma or panic attack during the events on September 24, 2013, and since that time has suffered sleeplessness, nightmares, depression, post-traumatic stress disorder (PTSD), and "wake[s] up digging [his] nails in [his] head with blood everywhere." Doc. 1, at 7, 11, 12, 16, 17.

The undersigned agrees with Defendants that Plaintiff's alleged sleeplessness, nightmares, depression, and PTSD do not rise to the level of physical injury the PLRA requires for compensatory damages. *See Jackson v. Hill*, 569 F. App'x 697, 699 (11th Cir. 2014) (holding prisoner's complaints of "sleepless nights" did not "qualify as a physical injury under section

8

1997e(e)"); *Chatham v. Adcock*, 334 F. App'x 281, 285 (11th Cir. 2009) ("Plaintiff's remaining symptoms–anxiety, nightmares, and hallucinations–do not rise to the level of a physical injury that is 'greater than de minimis' [under the PLRA]."); *Walker v. Scherbarth*, No. 15-cv-00823-MJW, 2015 WL 5697366, at *7 (D. Colo. Sept. 29, 2015) (unpublished order) ("Plaintiff's plausibly alleged injuries are no more than the physical manifestations of anxiety and other mental or emotional injuries, which do not satisfy § 1997e."); *Henry v. Goddard*, No. 09-3214-SAC, 2009 WL 3711596, at *2 (D. Kan. Nov. 3, 2009) (unpublished order) (holding plaintiff's allegations of "stress, sleepless nights, mood swings, headaches, ringing in his ears, blurred vision, and constant fear" were insufficient to establish a physical injury under the PLRA); *Hall v. New*, No. 3:13-cv-131-KRG-KAP, 2015 WL 800163, at *5 (W.D. Pa. Feb. 25, 2015) (unpublished order) ("Nor is Hall's self-diagnosis of PTSD evidence of a[] [physical] injury" under the PLRA); *Smith v. Harris*, No. CIV.A. RDB-12-2704, 2013 WL 3199807, at *3 (D. Md. June 21, 2013) (unpublished order) (dismissing plaintiff's claim for compensatory damages because he failed to allege a physical injury, despite his allegation "the assault caused him to experience PTSD").

The undersigned likewise finds Plaintiff's asthma attack and nail-scratching incidents are too de minimis to meet the PLRA's physical injury standard. *See Quinlan v. Personal Transp. Serv. Co.*, 329 F. App'x 246, 249

9

(11th Cir. 2009) (holding plaintiff's alleged asthma attack, which did not require immediate medical attention, was no more "than *de minimis* physical injury" and barred prisoner's claim for compensatory damages); *Kirkland v. Everglades Corr. Inst.*, No. 12-22302-CIV, 2014 WL 1333212, at *14 n.7 (S.D. Fla. Mar. 31, 2014) (unpublished order) (noting for purposes of the PLRA, "'de minimis' injuries . . . include injuries such as 'scrapes, scratches, cuts, abrasions, bruises'"), *appeal dismissed*, No. 14-13118 (11th Cir. July 20, 2015); *Harmon v. Aroostook Cnty. Sheriff's Dep't*, No. 01-2-B-S, 2001 WL 1165406, at *3 (D. Me. Oct. 2, 2001) (unpublished recommendation) (finding plaintiff did not sufficiently allege a physical injury under the PLRA because: "He does not allege that this one brief [asthma attack] . . . produced any significant or prolonged physical injury. In fact he suffered no apparent physical injury . . . ."). So, the undersigned recommends the court grant Defendants' motion to dismiss as it relates to Plaintiff's request for compensatory damages. Dismissal should be without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("'If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" (citation and internal brackets omitted)).

**C. Plaintiff's alleged failure to properly serve Defendants Blythe and Victory.**

Finally, Defendants allege Plaintiff has not properly served Defendants Blythe and Victory. Doc. 32, at 7-9. The undersigned agrees; however, rather than recommending dismissal, the undersigned recommends granting Plaintiff additional time to perfect service.

**1. Perfecting service of process.**

Pursuant to the Federal Rules of Civil Procedure, a plaintiff may serve a party by delivering a copy of the summons and complaint: (1) to the party personally; (2) to a person of suitable age and discretion who resides at the party's dwelling house or usual place of abode; or (3) to the party's authorized agent. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C). Alternatively, a plaintiff can perfect service by following the state law in which the district court is located. *Id.* 4(e)(1). Relevant here, under Oklahoma law, a plaintiff may perfect service upon a party by leaving the summons with a person of suitable age residing within the party's dwelling house or usual place of abode, or by delivery to an agent authorized by appointment or by law to receive service. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

"Personal service . . . serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v.*

*FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Service of process "provides the mechanism" for the court to "assert[] jurisdiction over the person of the party served." *Id.*; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Proper "[e]ffectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1276 (10th Cir. 1998). It is Plaintiff who "bear[s] the burden of demonstrating that the court has personal jurisdiction over the parties, including valid service of process." *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1252 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012).

### 2. Plaintiff's service attempt.

Plaintiff, through the U.S. Marshals Service, attempted to personally serve Defendants Blythe and Victory at PTS by leaving the service papers with "Frank Caruso – Dir. of Agent Operations." Docs. 26, 27.

### 3. Plaintiff's failure to substantially comply with service requirements.

The first question is whether Plaintiff complied with Rule 4(e)(2)(C) when he served Defendants Blythe and Victory through Mr. Caruso at their former place of employment. The undersigned finds he did not. That is, Defendants deny Mr. Caruso was their authorized service agent, Doc. 32, at 8, and Plaintiff has offered no evidence to contradict that statement. More importantly, Plaintiff acknowledged in his complaint "[t]he agents (Victory

and Blythe) were fired immediately [following the September 24, 2013, event]." Doc. 1, at 10. So, Plaintiff knew Defendants Blythe and Victory were no longer employed at PTS when he provided the U.S. Marshals Service with the PTS address and officers attempted to serve the parties there in January 2016. For this reason, the undersigned finds Plaintiff has not met his burden of showing he served Defendants Blythe and Victory through an authorized agent as Rule 4(e)(2)(C) requires. *See Habyarimana*, 821 F. Supp. 2d at 1252.

The second question is whether Plaintiff substantially complied with Oklahoma personal service requirements. Again, the undersigned finds he did not. Oklahoma law requires "substantial compliance" with personal service requirements. *See Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991). Under *Graff*, the court must ask whether: (1) "there is a statute authorizing the method of service employed"; (2) "the requirements of the statute had been observed"; and (3) "the fundamental requirements of due process had been met." *Habyarimana*, 821 F. Supp. 2d at 1252 (discussing *Graff* and other Oklahoma service-related cases in detail). When, as here, a defendant "maintains . . . that service is invalid because it did not satisfy the statutory requirements, . . . *Graff* . . . applies." *Id.*

In answer to the first question, the Oklahoma statute does allow for personal service via an authorized agent; therefore, Plaintiff's method of

service was authorized. *See id.* at 1254. However, in answer to the second question, Plaintiff has not established Mr. Caruso was Defendants Blythe and Victory's authorized service agent. *See supra* § III(C)(3). So, Plaintiff did not substantially comply with Oklahoma law, and therefore, "the Court need not examine whether the fundamental requirements of due process were met." *Habyarimana*, 821 F. Supp. 2d at 1254-55. Finally, and contrary to Plaintiff's argument, Doc. 38, at 15-16, Defendants' entry of appearance or "actual knowledge of [Plaintiff's] lawsuit does not excuse [him] from substantial compliance with Oklahoma's requirements." *Habyarimana*, 821 F. Supp. 2d at 1255; *see also Wash. Mut. Bank FA v. Farhat Enters., Inc.*, 77 P.3d 1103, 1108 (Okla. Civ. App. 2003) ("'Filing an entry of appearance . . ., does not waive any defenses enumerated in Title 12 O.S. Section 2012(B),' which defenses include lack of personal jurisdiction and insufficiency of service of process.").[3]

In sum, the undersigned finds Plaintiff failed to effect personal service on Defendants Blythe and Victory under either federal or Oklahoma law.

---

[3] In *Jenkins v. City of Topeka*, 136 F.3d 1274 (10th Cir. 1998), the Tenth Circuit concluded because an entry of appearance effects service under Kansas law, the "defendants could not thereafter contest the sufficiency of the service by answer or motion." *Id.* at 1275-76. Here, the applicable law is Fed. R. Civ. P. 4(e)(2) or Oklahoma law, "and there is no comparable rule dictating that an entry of appearance effectuates service. Accordingly, the Tenth Circuit's decision in *Jenkins v. City of Topeka* does not control." *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005).

Anticipating such a finding, Defendants seek dismissal without prejudice because Plaintiff failed to perfect service within 120 days as Rule 4(m) required at the time Plaintiff filed his complaint. Doc. 32, at 8. But "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983); *see also Habyarimana*, 821 F. Supp. 2d at 1256 (finding "that justice is best served by permitting the plaintiffs additional time to effectuate service should they desire to do so"). So, the undersigned recommends the court quash service for Defendants Blythe and Victory and allow Plaintiff additional time to properly serve the parties.

### IV. Recommendation and notice of right to object.

Based on the foregoing, the undersigned recommends the court deny Defendants' motion to dismiss to the extent it seeks dismissal of the entire complaint based on the statute of limitations and Plaintiff's failure to allege more than a de minimis physical injury under the PLRA. However, the court should dismiss, without prejudice, Plaintiff's claim for compensatory damages and should quash service on Defendants Blythe and Victory. As discussed above, Plaintiff should be given an opportunity to re-attempt service on those parties.

The undersigned advises the parties of their right to file an objection to the Report and Recommendation with the Clerk of this Court by May 16, 2016 under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge. Should the court adopt the recommendation, the undersigned recommends a new referral for monitoring re-service on Defendants Blythe and Victory[4] and for setting any necessary scheduling orders.

ENTERED this 26th day of April, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[4] If the court adopts the recommendation and re-refers the case, the undersigned anticipates ordering defense counsel to provide the court with Defendants Blythe and Victory's home addresses, under seal, so the U.S. Marshals Service can re-attempt service for Plaintiff.