# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSHUA ALLEN SILVERMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1093-F |
| | ) | |
| **PRISONER TRANSPORTATION** | ) | |
| **SERVICES OF AMERICA, LLC (PTS);** | ) | |
| **AGENT BRIAN VICTORY of PTS;** | ) | |
| **AGENT LT. "BLYTHE" of PTS; et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8. Defendants filed a motion to dismiss, Doc. 32, and the undersigned recommended the court deny it in part and grant it in part. Doc. 40. Relevant here, the undersigned found Plaintiff had not properly served Defendants Blythe and Victory and recommended the court quash the service and grant Plaintiff an opportunity to re-serve those Defendants. *Id.* at 11-15. The court adopted the recommendation, Doc. 48, and on July 6, 2016, the court granted Plaintiff an additional 120-days, or until November 3, 2016, to serve Defendants Blythe and Victory. Doc. 50. Plaintiff had no contact with the court during that

time frame and did not file notice of service. So, on November 7, 2016, the undersigned ordered Plaintiff to show cause why Defendants Blythe and Victory should not be dismissed without prejudice for lack of service. Doc. 51. Plaintiff's deadline was November 28, 2016, and he did not respond.

The undersigned recommends the court dismiss these individuals without prejudice.

I. Analysis.

Although appearing pro se, Plaintiff is responsible for serving Defendants with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). As discussed thoroughly in the previous report and recommendation, Plaintiff has failed to do so. Doc. 40, at 11-15. So, the undersigned must first determine whether the record reflects "good cause" for a mandatory extension of time, and if not, whether a permissive extension of time is warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014) (delineating *Espinoza's* required inquiries).

A. Mandatory extension.

For a mandatory extension of time, Plaintiff must show "good cause" for his failure to perfect service. Fed. R. Civ. P. 4(m). The undersigned gave

Plaintiff the opportunity to show "good cause," but Plaintiff did not respond to the order. Under these circumstances, the undersigned finds Plaintiff is not entitled to a mandatory extension of time.

**B. Permissive extension.**

"[W]hen a plaintiff fails to show good cause for untimely service, 'the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.'" *Murphy*, 556 F. App'x at 668-69 (quoting *Espinoza*, 52 F.3d at 841). The court considers three factors in deciding whether a permissive extension is warranted.

First, the court considers whether the statute of limitations would bar Plaintiff from refiling against Defendants. *See Espinoza*, 52 F.3d at 842. As discussed previously, Plaintiff's statute of limitations expired on September 24, 2015. Doc. 40, at 4. Plaintiff timely filed the complaint on September 23, 2015, *id.* at 5, so Oklahoma's savings clause would likely salvage Plaintiff's ability to refile against Defendants. That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

3

Okla. Stat. tit. 12, § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that the original suit had been dismissed for failure to serve summons and holding that Okla. Stat. tit. 12, § 100 "allows a suit so dismissed to be refiled within one year").[1] Under these circumstances, the undersigned finds this factor weighs against an extension of time.

Second, the court considers whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. Plaintiff has not named the United States or any federal employee, Doc. 1, so the undersigned finds this factor is irrelevant.

Third, "[t]he district court should also take care to protect [a] pro se plaintiff from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Espinoza*, 52 F.3d at 842 n.8 (quotation omitted). Plaintiff is proceeding in forma pauperis, Doc. 9, but the undersigned explained to Plaintiff his responsibilities relating to service and instructed the court clerk to send Plaintiff all the necessary forms. Docs. 19, 21, 50. The court clerk complied, sending Plaintiff both the necessary service forms and a copy of the court's local rules. Under the circumstances, the

---

[1] "In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

undersigned finds this factor also weighs against granting a permissive extension of time to effect service.

### C. Summary.

In sum, Plaintiff's complaint was filed in October 2015, and Plaintiff's extended-time for serving Defendants Blythe and Victory expired on November 3, 2016. So, the undersigned finds no "good cause" for either a mandatory or permissive extension of time.

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the court dismiss Defendants Blythe and Victory without prejudice.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the court clerk by December 29, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the court's referral to the undersigned Magistrate Judge.

ENTERED this 9th day of December, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE